GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California
ELISSE LAROUCHE
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:  (415) 436-7706
Email:  Elisse_Larouche@fd.org

Counsel for Defendant Solorio

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONICA SOLORIO,<br><br>Defendant. | Case No.: CR 19–409 WHO<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**Court:**  Courtroom 2, 17th Floor<br>**Hearing Date:**  February 24, 2022<br>**Hearing Time:**  1:30 p.m. |

    Monica Solorio is before this Court having successfully completed ATIP/CAP. After struggling with relapse, all her drug tests since August 14, 2021, have been negative. Addicted to the dangerous substances of heroin and fentanyl, she easily could have lost her life as her boyfriend did due to a drug overdose. Instead, this case was the intervention she needed to address her substance abuse, receive treatment, and become a healthy and contributing member of society. Ms. Solorio knows her work is not done, but she has a plan to maintain sobriety and a determined outlook to achieve that goal. She respectfully requests that the Court impose probation's recommended sentence of three years' supervised release.

## BACKGROUND

On August 29, 2019, a one-count Indictment charging Ms. Solorio with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession with intent to distribute fentanyl was filed. PSR ¶ 1. She was arrested for that offense on September 10, 2019 and released three days later. PSR ¶ 4. One year later, in September 2020, Ms. Solorio pleaded guilty to the one-count indictment and this Court referred her to ATIP and continued sentencing. PSR ¶ 2. Since then, Ms. Solorio has had to tackle some of her deepest emotional problems, losses, and traumas. She had struggled and relapsed, but has not given up. *See* PSR ¶ 5. On February 17, 2022, she completed the CAP program and has had no negative drug tests since August 2021. *See* Pretrial Services Memo dated February 14, 2022 ("PTS Mem."). Ms. Solorio has also been productive outside of treatment and has been working for UPS since August 2021 as a package handler. PSR ¶ 61.

The defense is in agreement with probation's finding of a Total Offense Level 13 and that Ms. Solorio is in Criminal History Category I. The corresponding guideline range is 12 to 18 months. The defense has no legal or factual objections to the PSR.

Because of Ms. Solorio's rehabilitative progress, drug addiction that drove her offense, and limited criminal history, the defense joins in probation's recommendation of a sentence of time served and three years' supervised release.

## DISCUSSION

Criminal "punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247 (1949). "[T]he sentencing judge [must] consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 52 (2007) (quotations omitted). The factors listed at 18 U.S.C. § 3553(a) assist the Court in fulfilling this mandate to make "an individualized assessment of a particular defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime." *United States v. Barker*, 771 F.2d 1362, 1365 (9th Cir. 1985).

### I. Ms. Solorio's history and characteristics.

Ms. Solorio is 31 years old and has experienced a number of painful events. Growing up in Petaluma, California, she experienced and observed conflict between her parents as her father struggled with alcoholism and her mother dealt with anger, depression, and a suicide attempt. PSR ¶¶ 39, 41, 42. She saw her parents engaged in physical violence, lost a family member due to gun violence, and was taught to suppress her emotions and use substances to numb the pain. PSR ¶¶ 41, 42. When her brother was hit and killed by a car, she broke down. *See* PSR ¶ 43. She was emotionally unstable and "not mentally there." *Id*. As modeled to her, she began using substances to numb her pain. *Id*. She began using Xanax, heroin, and/or "red rock" daily, which she used until the day of her arrest in the present case. PSR ¶ 56. Shortly after losing her brother, in 2017, her boyfriend died of a drug overdose and she traumatically found him dead and tried to revive him. PSR ¶ 44. This loss, and the anguish from it, drove Ms. Solorio into deeper depression and drug use. *See id*.

Ms. Solorio is not just her addiction though. She is a mother to two girls – ages 10 and 8 – and a hard worker. PSR ¶ 46, 48. She has goals for herself and her family. Luckily, her parents have turned a new leaf in life and are doing much better and are a great support for her. PSR ¶ 47. Although Ms. Solorio lost full custody of her daughters, she has regained joint/legal custody of her daughters and sees them every weekend and speaks to them twice a week. PSR ¶ 46. Despite the challenges of co-parenting, she is being as present as possible and wants to work to obtain custody of her daughters. *See* PSR ¶ 46, 48. Ms. Solorio also has a strong work history and has been working for UPS as a package handler for approximately seven months. *See* PSR ¶¶ 61–66. She is currently in a somewhat temporary/training position, but hopes to become a full-fledged driver for UPS and receive the stability and benefits that come with it. PSR ¶ 48.

From Ms. Solorio's last ATIP essay, one can see she is also finding positive outlets for herself. She has recovery support systems and is taking herself to the outdoors for clarity and getting herself in a positive mindset. *See* PSR ¶ 49. With the tools Ms. Solorio laid out in her essay and the ability to recognize patterns in her own thinking and behavior, she is well equipped to continue positively along the path to recovery.

**II.     The nature and circumstances of the offense should be seen in the context of Ms. Solorio's substance abuse disorder.**

Ms. Solorio is before this Court because of her substance abuse disorder. Her offense conduct occurred in May 2019 when officers questioned Ms. Solorio and found her with various substances, including the charged "red rock" fentanyl weighing 13 grams. PSR ¶ 11. Ms. Solorio admitted the red rock was hers and that she used fentanyl daily. PSR ¶ 12. At the time of her offense, she was deep in her addiction after suffering a series of losses of those close to her. PSR ¶ 8. As her addiction consumed her, she needed a way to finance that addiction and turned to selling drugs. *Id*. From Ms. Solorio's offense and the fact that her only prior conviction is a DUI from 2010, it is evident that she is not a serious offender, but suffers from addiction.

**III.    A sentence of time served and three years of supervised release is sufficient but not greater than necessary to ensure protection of the public and Ms. Solorio's continued rehabilitation.**

Any danger that Ms. Solorio posed to the community by selling narcotics is now abated after she has not committed any new criminal offenses for nearly three years. She also has been required to comply by pretrial and ATIP rules for over two years, a restriction on her freedom, albeit for the better. Through Ms. Solorio's experience in ATIP, she has had to address many of her demons and triggers. She has had to be vulnerable and experience shame when she relapsed. However, she now is out of denial and with her addiction in the open, can utilize the resources provided to her and call on the support of those close to her. Ms. Solorio is excited to begin this new chapter where she is beating her addiction and getting the most out of life. With a period of supervised release, the Court and probation can continue to provide necessary oversight to help Ms. Solorio be successful.

**CONCLUSION**

Ms. Solorio comes before the Court demonstrating the positive effects of this case's intervention in her life. Because of the immense resources of the court, pretrial, probation, and the ATIP/CAP team, she is one less life lost to tragic fentanyl overdose that is all-to-common. She requests that Court continue to assist her in the steady steps toward rehabilitation, knowing it will be a lifelong effort. Three years' supervision and no further custody time will best support Ms. Solorio, ensure the protection of the public, and achieve the sentencing goals of 18 U.S.C. §3553(a).

Dated:   February 17, 2022              Respectfully submitted,

GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California

　　　　　　　　　　/S
ELISSE LAROUCHE
Assistant Federal Public Defender

DEFENDANT'S SENTENCING MEMORANDUM
*SOLORIO*, CR 19–409 WHO

5